FAY, Circuit Judge,
dissenting:
Most respectfully, I disagree with the majority’s reading of this record and dissent. In my opinion, this is not a “regarded as disabled” case. In reality, it is a failure to communicate case.
As set forth by the majority, Chris D’Angelo suffers from vertigo. No, she is not disabled under the ADA, but she has a medical condition that is a problem. While she was working in the “shrimp division” of ConAgra, she talked about her problems on the conveyor belt, and accommodations were made for her. She was promoted and unfortunately transferred to the “fish division,” which was under the supervision of different people. Early in her tenure in the “fish division,” supervisor Mendoza assigned her to work on a box forming conveyor belt and she experienced difficulty. When she discussed this difficulty with Mendoza, he simply asked for some documentation about the condition. In response, she gave him her prescription for Antivert (which she had never filled) and a note from her doctor which read:
This patient should not work more than 5 nights a week because of her medical condition. Also, she has a vertigo condition. This affects her when her eyes have to look at moving objects such as belts. She should avoid this situation since it could cause her to fall and sustain injury.
Mendoza passed these along to the Plan Manager, Cordy, who immediately thought it necessary to discuss the situation with the Vice President of Human Resources, Yates. Cordy and Yates reviewed the note from Dr. Heng and then toured the plant. Reluctantly, they both agreed that there was literally no area of the plant where D’Angelo could work and not be around moving equipment, including, but not limited to, conveyor belts. It was their joint conclusion that she was simply “unqualified” to work in the plant. This is exactly what they told her in the September 21, 2001, letter of termination. They also explained that overtime was essential and that if she could work only five nights a week, then she would be unable to perform an integral part of her job.
My reading of this record convinces me that it is a simple case of an employer deciding that it had to terminate an employee because of a medical condition that made it dangerous for her to work in the plant. Based upon the doctors note, she was not qualified to work for ConAgra in this facility.
The majority refuses to accept this version of the uncontested facts by relying upon other facts that are simply irrelevant. The fact that she had worked there for about three years without being injured changes nothing. The employer did not know about the risk. Neither D’Angelo nor Dr. Heng had ever advised those with the authority to evaluate such risks of *1241 D’Angelo’s condition. It is fortunate that she did not experience an attack of vertigo that resulted in injury during this period. In addition, to rely upon a note from Dr. Heng written in January of 2002, as the majority does in footnote 6, is really comparing apples to oranges. D’Angelo was terminated in September 2001.
Moreover, it’s important to note that three months after her termination, D’Angelo asked Dr. Heng to write a note clarifying his earlier indication that she could not be around belts in order to help her in her grievance action against ConAgra. Although D’Angelo cannot remember whether she gave that note to anyone at ConA-gra, including her union representative, she was clear in the fact that the note was meant to explain to ConAgra the job functions she could and could not perform. At no time, however, did D’Angelo ever seek re-employment at the plant after she had this note. To the contrary, D’Angelo secured other employment at Target as a shelf stocker on the night shift in June of 2002. This lawsuit was not filed until September 2002.
As I stated earlier, this is really a case of failure to communicate. If D’Angelo had told ConAgra of her problem when she first applied, it could have been explored and clarified. If D’Angelo had obtained a clarifying note from Dr. Heng before she was terminated, perhaps it could have been resolved. Or, on the other hand, maybe it really is dangerous for her to work around moving equipment because she might have an attack and be injured.[1]
In any event, it seems to me that the summary judgment is fully supported by this record and the law. Chris D’Angelo is not disabled under the ADA. Chris D’Angelo was never regarded as disabled by her employer. The authorities at ConA-gra made a sound business decision when they terminated D’Angelo based upon their opinion that she was not qualified to work in this plant.
Consequently, I would affirm.

. It is not hard to know what her lawyers would be arguing had ConAgra ignored the doctor’s note, and allowed D'Angelo to continue working, ultimately being injured after an onset of vertigo.